IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVONTE LOVE,

                Petitioner,

v.                                    OPINION and ORDER

BRIAN FOSTER,                           19-cv-929-jdp

                Respondent.

---

DaVonte Love, appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges judgments of conviction for second-degree sexual assault and felony intimidation of a witness entered in Milwaukee County Case Nos. 2011CF4672 and 2012CF669. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Love raises two claims that he exhausted on direct appeal: (1) he was denied a speedy trial; and (2) there was insufficient evidence to convict him of witness intimidation. He raises five more claims that he admits he did not exhaust: (1) the Milwaukee County court barred him from communicating with anyone outside the prison except his attorney; (2) his phone calls with a doctor and attorney were used against him in court; (3) his lawyer didn't use testimony from an earlier dismissed prosecution to impeach witnesses; (4) someone who wasn't a voice expert testified that the voice on a phone call was his; and (5) a witness who has "vital info" has not been interviewed. Love asks the court to stay his habeas petition and hold it in abeyance while he takes his unexhausted claims to the state courts.

Under *Rhines v. Weber*, 544 U.S. 269 (2005), courts may stay a petition containing both exhausted and unexhausted claims when outright dismissal of the petition could jeopardize the

petitioner's ability to later file a timely habeas petition on the unexhausted claims. *Id.* at 275. Love no longer has any time remaining on his federal clock in which to initiate the state court exhaustion process and return to federal court after completing it. *See, e.g.*, *Hatcher v. Tegels*, No. 18-cv-75-wmc, 2018 WL 840164, at *2 (W.D. Wis. Feb. 13, 2018) (collecting cases). Outright dismissal of this petition would end his chance to pursue his already exhausted claims.

But stay and abeyance is available only if there is good cause for the petitioner's failure to exhaust his claims in state court, the unexhausted claims are not plainly meritless, and the petitioner does not appear to be engaged in abusive litigation tactics or intentional delay. Love has not presented this court with enough information to tell whether he meets these standards. My review of Love's state-court dockets does not show that he has yet filed postconviction motions about his unexhausted claims, which suggests that he is not diligently pursuing these claims. Love does say that he has been delayed by problems with his vision and antidepressant medications, but the scant information he attaches to his petition does not explain those problems in nearly enough detail for me to tell whether these issues are a legitimate cause of the delay here. Nor is it clear that his unexhausted claims have any merit, because he doesn't explain with any specificity how he was harmed by the alleged errors.

So before deciding whether the case should be stayed for Love to exhaust his unexhausted claims, or whether I should dismiss the unexhausted claims and have the case proceed with only his first two claims, I will give Love a chance to explain (1) what his plans are for exhausting his unexhausted claims; (2) his medical problems that he claims are causing delays; and (3) the factual details behind each of his unexhausted claims that show why each claim has potential merit. If Love fails to respond by the deadline set below, I will dismiss his unexhausted claims and the petition will proceed with only his first two claims.

ORDER

IT IS ORDERED that petitioner DaVonte Love may have until May 21, 2020, to respond to this order regarding his unexhausted claims.

Entered April 30, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge